# WALTON, et al. v MANNING
## Case No. MC-90-21452-RF
County Court, Palm Beach County

February 21, 1991

### APPEARANCES OF COUNSEL

**Gloria O. North, Esquire,** North & Stein, P.A., for plaintiffs.

**Sally G. Schmidt, Esquire,** Florida Rural Legal Services, Inc., for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### *FINAL JUDGMENT*

This case came before the Court on February 11, 1991. All sides were present with counsel. The Court heard sworn testimony and reviewed documents introduced into evidence. Based on the evidence

presented, the Court makes findings of fact and draws conclusions of law as follows.

In November, 1990, Defendant failed to pay her rent. Plaintiff served a notice to pay rent on Defendant. The first paragraph of the notice tracked the statutory language of section 83.56(3), Florida Statutes (1989). It set forth the amount of rent owed ($366), described the leased premises and advised the tenant that she had the statutory three day time period within which to tender payment of the rent or possession of the premises. Pursuant to the form, the notice computed the expiration of the time period as 5:00 p.m., November 15, 1990. Plaintiff posted a copy of the notice on Defendant's door on November 7, 1990 and mailed a copy of the notice on the same day. The second and third paragraphs of the notice provided as follows:

If legal action is initiated, you have a right to defend the action in Court.

You have 10 days within which to discuss the proposed termination of the tenancy with the Landlord. The 10 day period will begin on the the[sic] earlier date in which the Notice was hand delivered to the unit or the day after the date the notice is mailed. (sic) However, Landlord will proceed to terminate the tenancy after expiration of the 3 day notice period required under Florida law. Exhibit B, attached to complaint.

Defendant was unable to raise November's rent. She made no tender of the rent during the month of November. The sole issue in this case is the legal sufficiency of the 3 day notice served upon Defendant.

Because Defendant lives in a subsidized housing unit, provisions of the State and Federal law control the notice of termination. Section 83.56(3), Florida Statutes (1989) provides for a 3 day notice before a landlord may terminate a tenancy for non-payment of rent. The notice must contain a statement "substantially" in the form provided in the statute. 24 CFR § 247.4(a) (1985) provides that a landlord's termination notice must, *inter alia* "[s]tate that the tenancy is terminated on a date specified therein" and advise the tenant that if he or she remains in the leased unit

. . . on the date specified for termination, a landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense . . . If the termination notice fails to comply with federal regulations, the notice is considered defective and eviction will be denied. Hauser, *Florida Residential Landlord/Tenant Manual* Ch. 3, section A, 4.

Paragraph 23 of the lease contains further provisions governing the

133

termination of a tenancy. Although the parties to a residential landlord and tenant lease may not waive or preclude requirements set forth in Part II of Chapter 83, (§ 83.47, Fla. Stat. (1989)), the parties by their agreement are free to expand or broaden rights or requirements controlled by the Act. Section 23 of the lease between the parties provides that the landlord may terminate the agreement for a tenant's "material noncompliance." Material noncompliance is deemed to include a non-payment of rent "beyond any grace period available under state law." Paragraph 23, c of the lease sets forth the method for termination of the agreement. That paragraph provides that notices of proposed termination must comply with state law and that any HUD required notice period may run concurrently with the notice period required by state law. The paragraph further provides that all termination notices must specify the date the agreement will be terminated and "advise the tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the landlord." The 10 day period is to begin on the date the notice is hand delivered to the unit.

The notice in this case failed to comply with State and Federal law and with the terms of the lease itself. The notice required by section 83.56(3) is set forth in the statute. The purpose of the notice is to clearly advise the tenant of his options concerning payment of rent. The time period for payment or delivery of the premises is clearly set forth in the statutory form. A tenant who gets that notice can have no questions about his options concerning payment. The notice delivered in this case confuses the 10 day and 3 day period. A person of normal intelligence reading the notice cannot ascertain his or her obligations regarding payment. It is not clear which time limit applies. In this sense, the notice fails to "substantially" comply with the form prescribed by the state statute.

The notice fails to comply with 24 CFR § 247.4(a) because it fails to state that the tenancy is terminated on the date specified in the notice. In addition, the notice fails to advise the tenant that the landlord may enforce the termination "only by bringing a judicial action." The second paragraph of the notice can leave a tenant with the impression that there is another termination option other than by bringing a legal action. Moreover, a 10 day notice of termination is required by 24 CFR § 886.128.

Finally, the notice fails to comply with the terms of the written lease in that it fails to specify the date the agreement will be terminated. In addition, the notice sets forth a 10 day time period for the tenant to discuss a proposed termination. The notice advises the tenant that the

134

tenancy will be terminated at the expiration of the 3 day period. The effect of paragraph 23(c) of the lease is to require a 10 day time period for termination instead of the more limited 3 day time period provided for by State law. Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiffs, W. H. WALTON, JR., JOSEPH G. WEED, JR. and CURTIS KENDALL, JR., as general partners of WASHINGTON HEIGHTS APARTMENTS, LTD., d/b/a LAKEVIEW TOWERS APARTMENTS, take nothing by their action and that Defendant, GLADYS MANNING, goes hence without day.

DONE AND ORDERED in West Palm Beach, Florida the 21st day of February, 1991.